Filed 5/14/14  P. v. Veaver CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM FRANKLIN VEAVER,<br><br>Defendant and Appellant. | C073979<br><br>(Super. Ct. No. CM027627) |

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), defendant William Franklin Veaver has asked us to review the record for arguable issues in this appeal from the denial of his motion to vacate the judgment pursuant to Penal Code section 1473.6,[1] which allows a noncustodial defendant to move to vacate a judgment of conviction due to

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

newly discovered evidence under specified circumstances. Because we find that defendant is not entitled to *Wende* review, we dismiss the appeal as abandoned.

BACKGROUND

On April 17, 2008, pursuant to a negotiated disposition, defendant pleaded no contest to sexual battery (§ 243.4, subd. (a)) with the understanding that related counts and allegations would be dismissed. Defendant was sentenced to prison for three years.

On March 1, 2013, defendant filed a motion to vacate his conviction pursuant to section 1473.6. The superior court denied the motion by written order.

Defendant filed a timely notice of appeal from this order.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546].)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)),

2

that right is statutory, not constitutional.  Defendant is not entitled to *Wende* review in such an appeal.  (See *Serrano, supra*, at p. 501 [no *Wende* review for denial of post conviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano*, here defendant has no right to a *Wende* review of the denial of his motion to vacate the judgment pursuant to section 1473.6.  Because neither defendant nor his counsel raises any claim of error, we must dismiss defendant's appeal as abandoned.

DISPOSITION

The appeal is dismissed.

     HULL     , Acting P. J.

We concur:

     ROBIE     , J.

     BUTZ     , J.

3